**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Ronnie Moore,** ) | **CASE NO. 1:12-CV-1700** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **City of Garfield Heights,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

*Pro se* plaintiff Ronnie Moore filed this action under 42 U.S.C. §§ 1983, 1985, 1986 and 18 U.S.C. §§ 241 and 242 against defendants City of Garfield Heights, Garfield Heights Municipal Court Judges Deborah Nicastro and Jennifer Weiler, attorney Clifford Babcock, and "100 John and Jane Does." In the Complaint, plaintiff claims defendants violated his constitutional rights during the course of municipal court traffic, criminal, and small claims proceedings, as well as a federal bankruptcy action.

Plaintiff has also filed a Motion to proceed *In Forma Pauperis*. (Doc. 2). That request is granted.

**Background**

Plaintiff has filed a number of pleadings in this action, all of which are difficult to decipher. As best the Court can determine, it appears plaintiff is challenging traffic, criminal, and small claims proceedings against him in the Garfield Heights Municipal Court, as well as a federal bankruptcy action in the United States Bankruptcy Court for the Northern District of Ohio.

With regard to the pending traffic and criminal proceedings, plaintiff alleges the following facts. On October 29, 2011, Garfield Heights police officers initiated a traffic stop of plaintiff's vehicle for a broken tail light and expired license plates. The traffic stop apparently escalated and plaintiff was removed from his vehicle, arrested, and detained for seven hours before being released on bond.[1] Plaintiff asserts the officers did not have probable cause to either stop or arrest him. He claims they kidnaped him, vandalized his vehicle, unlawfully detained him, and "jailed him against his will."

Plaintiff appeared before Judge Weiler of the Garfield Heights Municipal Court on November 9, 2011. When plaintiff refused to enter a plea to the charges against him, Judge Weiler indicated she would enter a plea of not guilty. Plaintiff objected to the entry of any plea on his behalf and claims Judge Weiler was "practicing law from the bench." (Doc. 3 at 3). He also complains that a prosecutor was not present at this hearing and asserts the municipal court, therefore, lost jurisdiction. He claims the entire proceeding violated his due process rights and constituted a sham legal process. It is unclear, but it appears from the docket that proceedings relating to the October 29, 2011 incident are still pending in the Garfield Heights Municipal Court. *See* Garfield Municipal Court Docket for Case Nos. CRB 1102234, TRD 1110423A, and TRD 1110423B.

---

[1] The Municipal Court docket reflects plaintiff was cited for obstructing official business, expired plates, and no brake lights. The obstruction charge is a second degree misdemeanor, while the expired plates and brake lights charges are listed as first degree misdemeanors. It appears a bench warrant was issued on January 5, 2012 for failure to appear. The docket reflects this warrant has not been recalled. *See* Garfield Municipal Court Docket for Case Nos. CRB 1102234, TRD 1110423A, and TRD 1110423B. The Garfield Heights Municipal Court docket can be accessed at http://docket.ghmc.org.

Plaintiff also alleges generally that his due process rights were violated by a garnishment order entered against him by Garfield Heights Municipal Court Judge Deborah Nicastro in connection with small claims proceedings instituted by the City of Maple Heights to collect unpaid RITA taxes. *See* Garfield Heights Municipal Court Case No. CVI 0703231. It appears defendant Cliff Babcock, an attorney with Babcock & Wasserman, represented the City of Maple Heights in these proceedings. *Id.* Plaintiff also alleges his due process rights were violated during the course of federal bankruptcy proceedings before Judge Patricia Morgenstern-Clarren. *See In re Ronnie Moore*, Case No. 11-14105 (N.D. Ohio 5/13/11).

On July 2, 2012, Plaintiff filed a two paragraph "Civil Complaint" against defendant City of Garfield Heights. (Doc. 1). Three weeks later, plaintiff filed a document entitled "Affidavit of Civil Rights Violations and Due Process of Law," which provides greater factual detail regarding his municipal traffic violations case. (Doc. 3). Finally, on September 10, 2012, plaintiff filed a "Petition and Complaint in the Nature of a Suit for Deprivation of Federally Protected Rights under Title 42 U.S.C. § 1983 and Affidavit of Facts in Support." (Doc. 4). In this pleading, plaintiff names several additional defendants, provides further factual allegations regarding his municipal traffic and small claims proceedings, and asserts numerous legal claims.[2] Specifically, plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985 and 1986 and 18 U.S.C. §§ 241 and 242 for the following: "(1) Sham Legal Process under Color of Law, (2) Violation of Bankruptcy Orders, (3) Judicial Contempt of Court, (4) Theft by Deception, (5) Fictitious Allegations, (6) Harassment and

---

[2] Although an amended complaint is generally considered to supercede an original complaint, *see B & H Medical, L.L.C. v. ABP Admin., Inc*. 526 F.3d 257, 268 n. 8 (6th Cir. 2008), the Court will consider all three documents in resolving this case in light of plaintiff's *pro se* status.

Trespass on Personal Property without a court order, (7) Conspiracy to Commit Fraud, (8) Denial of Due Process, (9) Right to Defense Arguments, (10) Denial to Right to Truth in Evidence, (11) Constitutional Violations (including Amendment violations), (12) Vandalism, (13) Misprision of Felony, (14) Vandalizing Personal Property, (15) Denial of Medical Attention, and (16) Unlawful Wage Garnishment." (Doc. 4 at 9). He seeks $10,000,000.00 in damages.

## Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**Analysis**

    **A.    Judicial Immunity**

As an initial matter, the Court finds Judges Nicastro and Weiler are immune from liability as a matter of law. Judicial officers are generally absolutely immune from civil suits for money damages. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. *See also Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

Plaintiff cannot overcome the presumption of immunity under the first criteria. The

determination of whether an action is performed in the defendant's judicial capacity depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the Court must determine whether the conduct giving rise to the claim is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the Court to assess whether the plaintiff dealt with the judicial officers in their respective judicial roles.

Applying these principles, it is evident on the face of the pleading that Judges Weiler and Nicastro were acting in their judicial capacities at all times that the conduct alleged in plaintiff's filings occurred. Presiding over small claims, traffic, and misdemeanor criminal proceedings are all actions normally performed by municipal court judges. Furthermore, plaintiff interacted with these Judges only when they were performing their duties as judicial officers. Plaintiff cannot overcome the broad application of judicial immunity under this criteria.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes,* 105 F.3d at 1116. When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge will not be deprived of immunity because the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King*

*v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Conversely, merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, there are no allegations in any of plaintiff's filings which reasonably suggest that either Judge Nicastro or Judge Weiler acted outside of the subject matter jurisdiction of the Garfield Heights Municipal Court. Plaintiff contends these Judges issued orders which he believes to be contrary to law. If these allegations are true, plaintiff's only remedy is an appeal of the order in question. He does not have recourse against either Judge for damages in a civil rights action. Accordingly, plaintiff's claims against Judges Nicastro and Weiler fail to state claims upon which relief may be granted and are summarily dismissed pursuant to § 1915(e).

### B. Section 1983 Claims

As set forth *supra*, plaintiff claims his constitutional rights were violated during the course of (1) municipal court traffic and criminal proceedings arising from the October 29, 2011 traffic stop; (2) municipal court small claims proceedings to recover plaintiff's unpaid taxes; and (3) federal court bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Ohio. The Court will address each of these categories of claims, below.

#### 1. Claims Arising from Municipal Court Traffic and Criminal Proceedings

The majority of plaintiff's constitutional claims relate to his traffic stop, arrest, and detention on October 29, 2011, as well as the subsequent criminal proceedings against him in the Garfield Heights Municipal Court arising out of that incident. Specifically, plaintiff claims Garfield Heights police officers lacked probable cause to stop his vehicle and arrest him and, therefore, violated his Fourth Amendment right to be free from unreasonable search and seizure. In addition, plaintiff claims the subsequent criminal proceedings against him in the Garfield Heights Municipal

-7-

Court violated his due process rights and constituted a "sham legal process."

To the extent these proceedings are still pending before the Municipal Court, this Court is unable to intervene. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in plaintiff's filings are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, plaintiff has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. Consequently, this court is required to abstain from intervening in the Garfield Heights Municipal Court's traffic and criminal proceedings.

Generally, the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Myers v. Franklin County Court of Common Pleas,* 2001 WL 1298942 (6th Cir. Aug. 7, 2001). However, as plaintiff has failed to state a viable claim for damages against any of the defendants, his § 1983 claims relating to the October 29, 2011 traffic stop must be dismissed. *See Wheat v. Jessamine Journal Newspaper*, 1996 WL 476435 (6th Cir.

Aug. 20, 1996)(stating that it was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a viable claim for relief).

To the extent plaintiff's criminal proceedings have concluded, the principles set out by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), bar this Court's adjudication of plaintiff's federal claims. In *Heck,* the Supreme Court held that a plaintiff may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction and sentence, unless the conviction and sentence had been set aside. *Id*. at 486. Thus, when a plaintiff seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction and sentence has already been invalidated." *Id*. at 487. If the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, "the action should be allowed to proceed in the absence of some other bar to the suit." *Id*.

Pursuant to *Heck,* plaintiff herein must demonstrate that the municipal court criminal proceedings terminated in his favor before he may bring a § 1983 claim attacking the citation and arrest that are the subject of those proceedings. He has not done so and, therefore, his § 1983 claims must be dismissed at this time. Accordingly, plaintiff's § 1983 claims relating to his traffic stop, arrest, and detention on October 29, 2011, as well as the subsequent criminal proceedings against him in the Garfield Heights Municipal Court arising out of that incident, fail to state claims upon which relief may be granted and are hereby dismissed.

### 2. Claims Arising from the Municipal Court Small Claims Proceeding

Plaintiff also appears to claim his due process rights were violated by a garnishment order entered by Judge Nicastro in connection with small claims proceedings instituted against him by the City of Maple Heights to collect unpaid RITA taxes. *See* Garfield Heights Municipal Court Case No. CVI 0703231. He asserts defendant Babcock, an attorney with Babcock & Wasserman who represented the City of Maple Heights in these proceedings, is also liable for unspecified due process violations. *Id.* Plaintiff does not set forth any discernible factual allegations to support these claims.

Federal district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege the state court's action was unconstitutional. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 -16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Feldman*, 460 U.S. at 476. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party is barred from seeking what in substance would be appellate review of the state judgment by a federal district court, even if based on the claim that the state judgment itself violates federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002). Stated differently, the Rooker-Feldman doctrine bars "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Sixth Circuit has applied the Rooker-Feldman Doctrine in two categories of cases. The

-10-

first category is where the issue before the federal court is inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *Tropf*, 289 F.3d at 937. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d 293. The first category includes the case in which the losing party in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 859 (6th Cir. 2006). In the second category, the Rooker-Feldman Doctrine precludes a district court's jurisdiction where the claim is that a law was invalidly or unconstitutionally applied in the party's particular case, as opposed to a general constitutional challenge to the state law applied in the state action. *Tropf*, 289 F.3d at 937.

Here, plaintiff's claims directly attack the Garfield Heights Municipal Court's decision to issue a garnishment order in the small claims action instituted against plaintiff by the City of Maple Heights. Any review of constitutional claims asserted regarding the legality of that order would require this Court to review the specific issues addressed in the municipal court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.[4]

Plaintiff's claims against defendant Babcock are dismissed for the additional reason that Mr. Babcock was not "acting under color of state law" for purposes of § 1983. To set forth a cognizable § 1983 claim, plaintiff must establish that (1) he was deprived of a right secured by the Constitution

---

[4] To the extent these small claims proceedings are still pending, plaintiff's claims would be barred by the *Younger* doctrine for the reasons set forth in Section III.B.1.

or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). A plaintiff cannot assert a claim under §1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct may have been. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003).

When a defendant is a private individual, such as defendant Babcock herein, the Sixth Circuit recognizes three tests for determining whether his or her conduct is fairly attributable to the state: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992); *Memphis Tenn. Area Local v. City of Memphis*, 2004 WL 103000 at **5 (6th Cir. Jan. 21, 2004). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Wolotsky*, 960 F.2d at 1335. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id*. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state. *Id*.

Here, plaintiff does not allege any facts to support the allegation that defendant Babcock acted "under color of state law." Plaintiff has made no allegations that defendant Babcock was exercising powers traditionally reserved to the state, that he was coerced by the state, or that there was a close nexus between defendant Babcock's conduct and the state. Moreover, courts have found on several occasions under similar circumstances that private attorneys and law firms such as defendant Babcock are private parties and not considered to have been acting under color of state law for purposes of § 1983. *See Otworth v. Vanderploeg*, 2003 WL 1465399 at * 2 (6th Cir. March

19, 2003) (stating that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under the color of state law within the meaning of § 1983"); *McGee v. Moon*, 685 F.Supp.2d 737, 743 (N.D. Ohio 2010); *Miller v. Countrywide Home Loans, et al.*, 747 F.Supp.2d 947, 954 (S.D. Ohio 2010) (stating that "in general, neither litigants nor their counsel are 'state actors' for purposes of stating a viable § 1983 claim merely because they are making use of the state's courts and/or its laws"). Accordingly, plaintiff cannot state a claim against defendant Babcock as a matter of law for the additional reason that he was not "acting under color of state law" for purposes of § 1983.

For all the reasons set forth above, therefore, plaintiff's § 1983 claims relating to the small claims proceedings against him in the Garfield Heights Municipal Court fail to state claims upon which relief may be granted and are hereby dismissed.

### 3. Claims Arising from Federal Bankruptcy Proceedings

Plaintiff also appears to claim his constitutional rights were violated during the course of his Chapter 13 federal bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Ohio. *See In re Ronnie Moore*, Case No. 11-14105 (N.D. Ohio 5/13/11) (Morgenstern-Clarren, J.). Plaintiff does not set forth either the factual or legal basis for these claims.

Plaintiff's claims are dismissed. Plaintiff does not allege that any of the named defendants in this action had any involvement in or responsibility for that federal bankruptcy action. Moreover, plaintiff fails to set forth either the factual or legal basis for these claims and, therefore, fails to satisfy the basic notice pleading requirements of Fed. R. Civ. P. 8 with respect to these claims. Accordingly, plaintiff's § 1983 claims relating to his federal bankruptcy proceedings in

*In re Ronnie Moore*, Case No. 11-14105 (N.D. Ohio 5/13/11) are dismissed.

Therefore, for all the reasons set forth above, plaintiff's various pleadings fail to state a claim for relief under § 1983 and are hereby dismissed pursuant to § 1915(e).[5]

### C.     Section 1985 and 1986 claims

Plaintiff next asserts claims for conspiracy under §§ 1985 and 1986. The Court finds these claims fail as a matter of law because plaintiff fails to allege a conspiracy based on racial or class-based discriminatory animus.

The second clause[6] of 42 U.S.C. § 1985(2) applies to conspiracies to obstruct justice in state court and provides:

> [O]r if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

To prove a cause of action under this section, there must be allegations of racial or other class-based, invidiously discriminatory animus behind the conspirators' actions. *See Kush v. Rutledge*, 460 U.S. 719, 725 (1983); *Volunteer Med. Clinic, Inc. v. Operation Dallas*, 948 F.2d 218, 224 (6th Cir. 1991); *Dallas v. Holmes*, 2005 WL 1313801 at * 6 n. 5 (6th Cir. May 12, 2005).

---

[5] Plaintiff's § 1983 claims against defendant City of Garfield Heights are dismissed for the additional reason that plaintiff has failed to allege that a custom or policy of Garfield Heights led to the violation of plaintiff's constitutional rights. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that a local government can be held liable only when the plaintiff's injury is incurred as the direct result of the execution of the government's policy or custom, whether made by its lawmakers or by those whose orders may be said to represent official policy).

[6] The first clause of § 1985(2) prohibits conspiracies which interfere with the administration of justice in federal courts, and is not applicable here. *Kush v. Rutledge*, 460 U.S. 719 (1983).

Section 1985(3) applies to private conspiracies and requires a plaintiff to prove: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, a person or class of persons under the equal protection of the laws or of equal privileges and immunities of the laws; (3) an act in furtherance of that conspiracy; (4) whereby a person is either injured in his person or property, or deprived of any right or privilege of a United States citizen. *See Vakilian v. Shaw*, 335 F.3d 509, 518-19 (6th Cir. 2003). *See also Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Smith v. Thornburg*, 136 F.3d 1070, 1090 (6th Cir. 1998).

As with a claim under § 1985(2), a conspiracy under § 1985(3) must be motivated by racial or other class-based discriminatory animus. *See Vakilian,* 335 F.3d at 519; *Wolotsky v. Huhn*, 960 F.3d 1331, 1338 (6th Cir. 1992); *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000). Additionally, conspiracy claims under § 1985, like § 1983, must be pled with specificity. *See Dallas*, 2005 WL 1313801 at *6; *Frost v. Boyle*, 2008 WL 650323 at * 11 (N.D. Ohio March 5, 2008).

In the instant case, plaintiff fails to allege either membership in a protected class, or discrimination based on such membership, with respect to his claims under § 1985(2) and § 1985(3). Accordingly, the Court finds these claims fail to state a claim upon which relief may be granted and are hereby dismissed.

With respect to plaintiff's claim under 42 U.S.C. § 1986, that section provides a claim against any person who had knowledge of a § 1985 conspiracy and who, acting with reasonable diligence, had the power to prevent or aid in preventing the commission of acts under the conspiracy, but neglected or refused to do so. 42 U.S.C. § 1986. The Sixth Circuit has made clear that a claim under § 1986 is derivative of a valid claim pursuant to § 1985. *See e.g. Radvansky v.*

*City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005); *Bass,* 167 F.3d at 1051 n. 5; *Arauz v. Bell*, 2009 WL 152148 at \*\* 6 (6th Cir. Jan. 22, 2009).

Because plaintiff has failed to state a claim under § 1985, the Court finds he cannot prevail on his claim under § 1986 and, therefore, that claim is also subject to summary dismissal under § 1915(e).

### D. 18 U.S.C. §§ 241 and 242

Finally, plaintiff alleges violations of 18 U.S.C. §§ 241 and 242. These are criminal statutes, however, which do not provide for a private right of action. *See United States v. Oguaju*, 2003 WL 21580657 (6th Cir. July 9, 2003) (finding that "[t]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes."); *Banks-Bey v. Acxiom*, 2010 WL 395221 at \* 3-4 (N.D. Oh. Jan. 27, 2010) (stating that there is no private right of action under either 18 U.S.C. §§ 241 or 242).

Accordingly, plaintiff has failed to state claims upon which relief may be granted under any of the criminal statutes cited in his Complaint, warranting their dismissal as a matter of law pursuant to § 1915(e).

### E. State law Claims

Inasmuch as plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3);

*Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Accordingly, to the extent any of plaintiff's claims are asserted under state law, they are subject to summary dismissal under § 1915(e).

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/19/12

---

[7] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."